IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1836-D |
| | § | |
| DIGITAL FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION

Through a letter to the Court [Dkt. No. 11], as required by the Court's July 21, 2025 order [Dkt. No. 7], Defendant Digital Federal Credit Union ("DCU") objects to the requirement that it make initial disclosures under Federal Rule of Civil Procedure 26(a)(1) under the standard timeline for such disclosures.

Senior United States District Judge Sidney A. Fitzwater referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A): (1) DCU's objection; (2) what disclosures – if any – are to be made; and (3) determining a time for any disclosure. *See* Dkt. No. 13.

According to DCU,

> the parties have requested a stay of discovery and the exchange of initial disclosures until the Court rules on DCU's forthcoming Motion to Dismiss, due to be filed on August 20, 2025. DCU intends to show by that motion practice that Plaintiff's claims are facially implausible and barred by applicable law. DCU likewise submits that the initiation of discovery at this early stage, prior to the Court's ruling on the plausibility of Plaintiff's claims, would burden the parties with unnecessary time and expense that would not advance the litigation toward resolution.

Dkt. No. 11.

The Court possesses discretion to stay disclosure or discovery "for good cause shown." FED. R. CIV. P. 26(c)(1)(A); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

> In particular, "[t]he Court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending," but "[s]uch a stay is not [ ] automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) (internal quotation marks omitted). "[N]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on" [DMS's motion] to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014). "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

In sum, "[c]ourts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion because this alone falls short of demonstrating good cause." *X Corp. v. Media Matters for Am.*, No. 4:23-cv-1175-O, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (further noting that, "[o]nly upon a sufficient showing of good cause will this Court deviate from its usual practice by exercising discretion to stay discovery" and ultimately denying the renewed motion to stay discovery filed in that case (cleaned up)).

As to the initial-disclosure issues that Judge Fitzwater referred to the undersigned, Rule 26(a)(1)(C) specifically provides that

> [a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

FED. R. CIV. P. 26(a)(1)(C).

And, consistent with how courts in this district handle motions to stay discovery more broadly, the mere pendency of – or the contemplated filing of – a motion to dismiss is not enough to justify a stay of the parties' initial-disclosure obligations.

But that is all that DCU has offered to support its objection. Because its contention that its forthcoming motion will "show … that Plaintiff's claims are facially implausible and barred by applicable law," Dkt. No. 11, is just a conclusion that cannot support a finding of good cause, which only exists where "the requesting party [makes] a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements,'" *X Corp.*, 2024 WL 1895255, at *1 (quoting *Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 WL 2877239, at *5 (M.D. La. June 29, 2021)); *see also Pandaw Am., Inc. v. Pandaw Cruise India Pvt. Ltd.*, No. 10-cv-02593-WJM-KLM, 2012 WL 14255, at *1 (D. Colo. Jan. 4, 2012) ("The party who seeks a stay of discovery has the burden of demonstrating good cause and cannot sustain that burden by offering simply conclusory statements. Generally, the Court requires a particular and specific demonstration of fact in support of a request for a stay." (cleaned up)).

The Court therefore OVERRULES Defendant Digital Federal Credit Union's objection and ORDERS that the parties make all applicable initial disclosures under Federal Rule of Civil Procedure 26(a)(1) by **September 3, 2025**.

SO ORDERED.

DATED: August 20, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE