IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:25-CV-1836-D |
| § | |
| DIGITAL FEDERAL CREDIT UNION, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Kimberly Johnson ("Johnson") sues defendant Digital Federal Credit Union ("DCU"), seeking relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* DCU moves under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Johnson's claims. For the reasons that follow, the court denies DCU's Rule 12(b)(1) motion, grants DCU's Rule 12(b)(6) motion, and grants Johnson leave to replead.

I

On May 11, 2025 Johnson submitted an online application to DCU for a credit union membership and to open a deposit account.[1] On that same day, DCU rejected Johnson's

---

[1]The court construes the amended complaint in the light most favorable to Johnson as the non-movant, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Johnson's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

application. According to her first amended complaint ("amended complaint"), the rejection letter did not disclose the factors that led to the denial of her application. Johnson alleges that on May 14, 2025 she received a second rejection letter that also did not disclose the factors that led to the denial of her application. Johnson alleges that DCU obtained her consumer reports on the same day that she received the second rejection letter.

Johnson filed this lawsuit, contending that DCU's actions violated various provisions of the FCRA and the ECOA. DCU moves to dismiss Johnson's action under Rules 12(b)(1) and 12(b)(6). Johnson has not responded to the motion,[2] which the court is now deciding on the briefs, without oral argument.

II

The court begins by considering DCU's challenge under Rule 12(b)(1) to the court's subject matter jurisdiction over Johnson's claims under the FCRA.

A

Subject matter jurisdiction is a court's "statutory or constitutional power to adjudicate" claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis omitted). Because federal courts are "courts of limited subject matter jurisdiction," *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022), their power of

---

[2]Under the court's local civil rules, Johnson's response was due by September 10, 2025. N.D. Tex. Civ. R. 7.1(e). On September 24, 2025 DCU filed a so-called reply in support of its motion, contending that Johnson has abandoned her case and its motion should be treated as unopposed. Because the court has not relied on DCU's reply in deciding the motion to dismiss, it need not decide whether this pleading or the relief it seeks is proper.

adjudication is subject to challenge under Rule 12(b)(1). When contesting subject matter jurisdiction under Rule 12(b)(1), a party can make a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When, as here, the party merely files a Rule 12(b)(1) motion, the attack is facial, and the court looks only at the sufficiency of the allegations in the complaint and assumes them to be true. *Id.* "The burden of proof . . . is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). If the allegations are sufficient to allege jurisdiction, the court must deny the motion and entertain the claim. *Paterson*, 644 F.2d at 523.

B

DCU moves to dismiss Johnson's FCRA claims for lack of Article III standing.[3] Article III of the United States Constitution confines the jurisdiction of a federal court to an actual "case[]" or "controvers[y]." U.S. Const. art. III, § 2. The standing doctrine implements this constitutional limitation by requiring the plaintiff to establish "a personal stake in the outcome of the controversy as to warrant [her] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (citation and internal quotation marks omitted). To establish constitutional standing, Johnson must demonstrate that she "(1) suffered an injury

---

[3] It is unclear from DCU's motion to dismiss which claims it seeks to dismiss under Rule 12(b)(1) for lack of Article III standing. DCU contends in its conclusion that all of Johnson's FCRA claims lack a cognizable injury. Yet DCU only analyzes whether Johnson's claim under § 1681m of the FCRA pleads an Article III injury. Because the court is denying Johnson's Rule 12(b)(1) motion, it will assume that DCU is moving to dismiss all of her FCRA claims under Rule 12(b)(1) for lack of Article III standing.

in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

DCU contends that Johnson has not suffered "any cognizable injury to support her FCRA claims." D. Br. (ECF No. 18) 16. To constitute an injury in fact, the harm to the plaintiff must be sufficiently concrete. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* at 340. Thus while an injury need not be tangible, it cannot be merely abstract or hypothetical. *Id.* at 339-41; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 578 U.S. at 342. "But deprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).

C

The court concludes that Johnson has plausibly pleaded an injury in fact to support her FCRA claims. Johnson has identified two "downstream consequences" of DCU's alleged violations of the FCRA. *See TransUnion*, 594 U.S. at 442.

First, Johnson alleges that DCU's violations of the FCRA inhibited her ability to contest the denial of her application and deprived her of the opportunity to apply for a credit card and an auto loan. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) (finding injury in fact where the challenged action deprived the parties of "a chance to obtain

a settlement that respected their priority" in bankruptcy); *Ecosystem Inv. Partners v. Crosby Dredging, L.L.C.*, 729 Fed. Appx. 287, 292 (5th Cir. 2018) (per curiam) ("This sort of injury falls squarely within a well-established line of cases holding that loss of a non-illusory opportunity to pursue a benefit constitutes injury in fact.").

Second, Johnson alleges that DCU's violations of the FCRA caused her significant emotional distress. The Fifth Circuit has "recognized that 'emotional distress' is a traditional harm that satisfies *TransUnion*'s concreteness requirement." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024).

Because these harms supply an injury in fact, the court denies DCU's motion to dismiss Johnson's FCRA claims for lack of Article III standing.

III

The court next considers DCU's Rule 12(b)(6)-based motion to dismiss, which presents the question whether Johnson's claims under the FCRA and the ECOA state a claim on which relief can be granted.

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

B

The court first considers Johnson's claim under § 1681m of the FCRA. "Section 1681m of the FCRA applies to 'users of consumer reports' who take adverse actions on the basis of information contained in said reports." *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 330 (5th Cir. 2025). The Fifth Circuit recently concluded that § 1681m's enforcement provision "bars private enforcement of section 1681m in its entirety." *Id.* Because there is no private cause of action under § 1681m, the court grants DCU's motion to dismiss this

claim. *See id.*[4]

C

The court now turns to Johnson's claim under § 1681n of the FCRA. Section 1681n imposes liability on any person who willfully fails to comply with any requirement imposed by the FCRA. 15 U.S.C. § 1681n. Johnson's claim under § 1681n is premised on DCU's alleged failure to comply with § 1681m's requirements. Section 1681m(h)(8)(A) states that "[§§] 1681n and 1681o of this title shall not apply to any failure by any person to comply with [§ 1681m]." 15 U.S.C. § 1681m(h)(8)(A). Because Johnson cannot rely on § 1681n to enforce § 1681m, the court dismisses this claim.

D

The court next considers Johnson's claim under § 1681b(f) of the FCRA. The FCRA prohibits anyone from obtaining a consumer report without a permissible purpose. 15 U.S.C. § 1681b(f). Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained. Relevant here, § 1681b(a)(3)(F)(i) states that reports can be obtained for "a legitimate business need . . . in connection with a business transaction initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i).

The amended complaint alleges that, because DCU obtained her reports on May 14,

---

[4]Lack of a private cause of action presents a meritorious basis to dismiss under Rule 12(b)(1) or 12(b)(6). *See Sierra v. Dall. Cnty. Dist. Att'y's Off.*, 2023 WL 7285930, at *4 n.4 (N.D. Tex. Oct. 18, 2023) (Rutherford, J.), *rec. adopted*, 2023 WL 7283925 (N.D. Tex. Nov. 3, 2023) (Lynn, J.). DCU's briefing suggests that the motion to dismiss Johnson's § 1681m claim is based on Rule 12(b)(6).

2025, after her application had been denied on May 11, 2025, DCU obtained Johnson's consumer reports without a legitimate business need. DCU contends that it had a legitimate business need because Johnson filed a second application after the first was denied, and it rejected her second application on May 14.

The court concludes that Johnson has not pleaded a plausible claim for relief under § 1681b(f). Although Johnson does not mention the second application in her amended complaint, she has attached two rejection letters to her amended complaint. The first letter is dated May 11 (the same day she filed her first application), and the second letter is dated May 14 (the same day DCU allegedly obtained her consumer reports). Johnson pleads no other factual details to support her assertion that DCU acted without a permissible purpose. Without more, the allegation that DCU obtained Johnson's consumer reports on the same day she received a second rejection letter does not enable the court to draw the reasonable inference that DCU acted without a permissible purpose. Accordingly, the court dismisses this claim.[5]

E

The court now turns to Johnson's claim under § 1691(d) of the ECOA. The ECOA

---

[5]DCU maintains that the court can consider Johnson's second application through "incorporation by reference." D. Br. (ECF No. 12) 5 n.5. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387. The court declines to decide whether Johnson's second application is referred to in her amended complaint and is central to her claim because her claim under § 1681b(f) fails without considering the second application.

requires creditors to notify credit applicants of any adverse action taken on their application and the reasons for that adverse action. 15 U.S.C. § 1691(d). By its terms, the statute requires creditors to make these disclosures only to applicants. *See id.* "[T]he plain language of the ECOA unmistakably provides that a person is an applicant only if she requests credit." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 707 (5th Cir. 2017) (citation and internal quotation marks omitted).

Johnson alleges that she "submitted an online application for credit union membership and to open a deposit account." Am. Compl. (ECF No. 5) ¶ 9. She asserts that DCU's use of "risk-based data" in denying her application indicates that she was an applicant for credit. *Id.* at ¶ 33. DCU maintains that applying for a credit union membership and to open a deposit account is not synonymous with an application for credit.

The court concludes that Johnson has not pleaded a plausible claim under the ECOA. Applying for membership with a credit union is, at most, a prerequisite to requesting credit, not the act of requesting credit itself. Likewise, an application to open a deposit account, without more, is not a request for credit. Furthermore, DCU's alleged use of risk-based data in assessing Johnson's application may be "consistent" with an application for credit, but such use does not "plausibly suggest[]" that her application for membership and to open a deposit account was a request for credit. *See Twombly*, 550 U.S. at 557. Because the court is unable to draw the reasonable inference from the amended complaint that Johnson requested credit, the court grants DCU's motion to dismiss this claim. *See Alexander*, 848 F.3d at 708 (affirming dismissal of ECOA claim where plaintiffs failed to plausibly allege

that they requested credit).

IV

"[T]he court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead[.]" *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). And as a *pro se* plaintiff, Johnson should be given a fair opportunity to plead her best case. *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*."). Accordingly, with the exception noted next, the court will allow Johnson to replead her claims.

The court will not permit her to replead her claim under § 1681m of the FCRA because this claim is not available to her as a matter of law, regardless how many attempts she is allowed to make to state such a claim. *See Clemmer v. Irving Indep. Sch. Dist.*, 2014 WL 2475924, at *5 n.10 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.) (declining to allow plaintiffs to replead a claim where relief sought was unavailable).

\* \* \*

For the reasons explained, the court denies DCU's Rule 12(b)(1) motion to dismiss, grants DCU's Rule 12(b)(6) motion to dismiss, and grants Johnson leave to replead. Johnson must file her second amended complaint no later than 28 days after the date this

memorandum opinion and order is filed.

**SO ORDERED**.

September 26, 2025.

                                            SIDNEY A. FITZWATER
                                            SENIOR JUDGE