IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1836-D |
| | § | |
| DIGITAL FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court returns to this action in which *pro se* plaintiff Kimberly Johnson ("Johnson") sues defendant Digital Federal Credit Union ("DCU"), seeking relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* DCU moves under Fed. R. Civ. P. 12(b)(6) to dismiss Johnson's claims. For the reasons that follow, the court grants DCU's motion and enters judgment dismissing the suit.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for purposes of deciding DCU's motion to dismiss. *See Johnson v. Digital Fed. Credit Union (Johnson I)*, 2025 WL 2773824, at *1 (N.D. Tex. Sept. 26, 2025) (Fitzwater, J.). After the court dismissed Johnson's first amended complaint and granted her leave to replead, *id.* at *4, Johnson filed a second amended

complaint.[1]  Johnson asserts claims under the FCRA and the ECOA.  DCU moves to dismiss her claims under Rule 12(b)(6).  Johnson has not responded to the motion,[2] which the court is now deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's second amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1]Johnson filed her second amended complaint on October 26, 2025, two days after the 28-day deadline to replead set out in *Johnson I*.  She filed on the same day a "Motion to Extend Time [] to File Amended Complaint," requesting that the court "deem her Second Amended Complaint . . . as timely."  P. Br. (ECF No. 27) 2.  DCU does not base its motion to dismiss on the untimeliness of Johnson's second amended complaint; it bases the motion on the premise that the second amended complaint fails to state a claim on which relief can be granted and that it is entitled to dismissal on the merits under Rule 12(b)(6).  Accordingly, the court will treat Johnson's filing as timely, and, consequently, deny Johnson's October 26, 2025 motion without prejudice as moot.

[2]Johnson also failed to respond to DCU's motion to dismiss her first amended complaint.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court first considers Johnson's claim under § 1681b(f) of the FCRA.

A

The FCRA prohibits anyone from obtaining a consumer report without a permissible purpose. 15 U.S.C. § 1681b(f). Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained. Relevant here, § 1681b(a)(3)(F)(i) states that reports can be obtained for "a legitimate business need . . . in connection with a business transaction initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i).

B

Johnson alleges that, because DCU obtained her reports on May 14, 2025, after her first application had been denied, DCU obtained her consumer reports without a legitimate business need. Johnson acknowledges that someone at DCU advised her to submit a second application with her identification and proof of address, and that DCU sent her a second

rejection letter on May 14. But she describes her two applications as a "single transaction" that concluded before DCU obtained her consumer reports. 2d Am. Compl. (ECF No. 26) ¶¶ 12, 15. DCU responds that Johnson's factual allegations do not support the inference that DCU acted without a permissible purpose.

C

In *Johnson I* the court concluded that "the allegation that DCU obtained Johnson's consumer reports on the same day she received a second rejection letter does not enable the court to draw the reasonable inference that DCU acted without a permissible purpose." *Johnson I*, 2025 WL 2773824, at *3. The court reaches a similar conclusion here. On repleading, Johnson asserts that the two applications qualify as a single transaction and that DCU obtained her consumer reports after this transaction concluded. Yet she pleads no factual details to support this assertion. Without more, the allegation that DCU obtained her consumer reports on the same day that her second application was denied does not enable the court to draw the reasonable inference that DCU acted without a permissible purpose. *See id.* Accordingly, the court dismisses Johnson's § 1681b(f) claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (citations omitted)).

IV

The court now turns to Johnson's claims under § 1691(a) and § 1691(d) of the ECOA.

A

The ECOA makes it unlawful for a creditor to discriminate against any applicant on the basis of race, see § 1691(a)(1), and requires creditors to notify credit applicants of any adverse actions taken on their applications and the reasons for the adverse actions, see § 1691(d). "[T]he plain language of the ECOA unmistakably provides that a person is an applicant only if she requests credit." Alexander v. AmeriPro Funding, Inc., 848 F.3d 698, 707 (5th Cir. 2017) (internal quotation marks omitted) (citation omitted).

B

Johnson alleges that she "submitt[ed] an online application to DCU for membership and a checking account with Overdraft Protection." 2d Am. Compl. (ECF No. 26) ¶ 9. DCU maintains that Johnson has failed to cure the deficiencies the court identified in *Johnson I* because an application for membership and a checking account is not synonymous with requesting credit.

C

Johnson has not pleaded a plausible claim under the ECOA. As the court explained in *Johnson I*, [a]pplying for membership with a credit union is, at most, a prerequisite to requesting credit, not the act of requesting credit itself." *Johnson I*, 2025 WL 2773824, at *4. Johnson's new factual allegation that she applied to open "a checking account with Overdraft Protection" does not change the result. 2d Am. Compl. (ECF No. 26) ¶ 9. She has

-5-

still failed to allege that she "applied and qualified for credit and was then denied credit by [DCU]." *Scurry v. Amegy Bank of Tex.*, 2025 WL 19109, at *2 (S.D. Tex. Jan. 2, 2025) (Rosenthal, J.) (quoting *Pullins v. Bank*, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020)); *see also Jackson v. Hancock Whitney Bank*, 2024 WL 1655148, at *4 (E.D. La. Apr. 17, 2024) (concluding that an "application for a checking account does not constitute" a credit transaction under ECOA). Moreover, Johnson cites a non-existent case for the proposition that an "Overdraft Protection Plan constitutes 'credit.'" 2d Am. Compl. (ECF No. 26) ¶ 10. While there are some out-of-circuit district court decisions that have noted that the "presence of an overdraft agreement could affect whether a checking account is subject to the ECOA," *see Jones v. Vargas*, 2019 WL 13253487, at *6 (C.D. Cal. Nov. 6, 2019) (collecting cases), Johnson does not allege sufficient factual details about DCU's Overdraft Protection Plan or explain how this specific plan converts her mere application to open a checking account into a request for credit. Because the court is unable to draw the reasonable inference that Johnson requested credit, the court grants DCU's motion to dismiss her ECOA claims. *See Alexander*, 848 F.3d at 708 (affirming dismissal of ECOA claim where plaintiffs failed to plausibly allege that they requested credit).

V

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiff[] advise[s] the court that [she is] unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex.

2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002)). And as a *pro se* plaintiff, Johnson should be given a fair opportunity to plead her best case. *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*.").

Even so, the court has already granted Johnson one opportunity to amend her complaint, the second amended complaint is similar to the first amended complaint that Johnson filed before, both of which have been dismissed on similar grounds, and Johnson has not responded to DCU's instant motion to dismiss or requested leave to amend yet again. Because the court has already permitted Johnson to amend once, she has proven herself unable to cure the defects identified, and she does not ask for leave to amend, the court will not permit Johnson to amend before entering judgment dismissing this suit. *See, e.g.*, *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (concluding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs one opportunity to do so).

\*   \*   \*

For the reasons explained, the court grants DCU's motion to dismiss, and it enters judgment today dismissing this action with prejudice.

**SO ORDERED**.

December 30, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE